JAMES K. SPRATT, APPELLANT, *v.* GEORGE C. HUNT-INGTON, RESPONDENT.

*Contempt — Code,* § 401, *sub.* 7 — *A party to an action cannot be required to make an affidavit to be used by opposite party on a motion.*

Subdivision 7, of section 401, of the Code was not intended to modify or repeal the prohibition as to the examination of parties to an action, contained in section 389, and under it, a party cannot be required to make an affidavit at the instance of the other party, to be used on the hearing of a motion.

*Cockey* v. *Hurd* (36 N. Y. Superior Ct., 42) and *Fisk* v. *Chicago & Rock Island R. R. Co.* (3 Abb. [N. S.], 430) not followed.

The fact that a party is in contempt, for disobeying an order requiring him to appear before a referee and make an affidavit, does not prevent him from moving to vacate that order on the ground that it is irregular. A party in contempt is prevented from applying for a favor, resting, to some extent at least, in the discretion of the court, but not from applying for that to which he is entitled as a matter of strict right.

APPEALS from two orders, one adjudging the plaintiff in contempt, the other denying a motion to set aside an order made for the examination of the plaintiff.

*H. Brewster,* for the appellant, cited *Johnson* v. *Pinney* (1 Paige, 646); *Palmer* v. *Adams* (22 How., 375); *Brooks* v. *Schultz* (5 Rob., 656); *Moses* v. *Banker* (7 id., 131).

*J. H. Whitelegge,* for the respondent, cited *Fisk* v. *Chicago & Rock Island R. R. Co.* (3 Abb. [N. S.], 430); *Ramsey* v. *Gould* (57 Barb., 398); *Ramsey* v. *Erie R. R. Co.* (8 Abb. [N. S.], 174.)

DANIELS, J.:

An order was procured by the defendant, without notice, requiring the plaintiff to appear before a referee, and make an affidavit to be used by the defendant upon a motion to be made by him in this action. He did not make the affidavit, and a further order was made, on notice to him to appear and do so, and providing for his punishment in case of further disobedience on his part. The plaintiff then moved to vacate the first order, as irregular, and that

motion was denied.   From these two orders, the plaintiff appealed
to the General Term.

The fact that the plaintiff was nominally, as well as actually, in
contempt, for disobeying the order requiring him to appear before
the referee and make his affidavit, did not prevent him from moving
to vacate that order, if, in fact, it was irregular.   For, if that was
its character, he was entitled, as a matter of strict right, to have it
set aside.   A party in contempt is not precluded from making such
an application, but merely from applying for a favor, resting, to
some extent at least, in the discretion of the court.*

And as the order requiring the plaintiff to appear before the
referee and make his affidavit, was made *ex parte*, the only mode
in which he could be relieved from it, was by a motion made to
vacate or set it aside.   He was directly affected by the order, and
if it was irregularly made, he had the right to have it set aside.
The motion was properly made by him, and could have been made
by no other person. †   And, as already shown, the order directing
him to appear, made in the motion for his punishment, did not
prevent him from making the application he did, to vacate the first
order.   One of the appeals is from the order giving such direction,
and that order is consequently under the entire control of this court.
And for the purpose of determining the disposition which should
be made of it, the question must first be considered, whether
the motion to vacate the order requiring the affidavit from
the plaintiff, was properly denied.   And the solution of that
question depends upon the power of the court, to require
one party to make an affidavit at the instance of the other
party, to be used on the hearing of a motion.   In the case
of *Cockey* v. *Hurd*,‡ it was held that the court did possess that
authority.   This case was decided upon very full consideration,
and being decided by the General Term of a co-ordinate tri-
bunal in this city, should be followed, for the purpose of securing
uniformity in the practice of the courts, unless it clearly appears
to be erroneous.   To a considerable extent, its effect is impaired
by the circumstance, that two of the learned judges of that
court have reached a different conclusion, in carefully considered

* Brinkley v. Brinkley, 47 N. Y., 40.

† Ramsey v. Gould, 57 Barb., 400, 410.                ‡ 36 N. Y. Superior Ct., 42.

opinions one of which was delivered since *Cockey* v. *Hurd* was decided. *

The decision receives some support from the case of *Fisk* v. *Chicago & Rock Island R. R. Co.* † But it is exceedingly slight, because the point, though decided, was not to any extent made the subject of examination. Before the enactment of subdivision 7, of section 401, of the Code, the affidavit of a party could not be compulsorily procured by his adversary, for the purpose of enabling the latter to use it upon a motion ; ‡ and the General Term of the Superior Court of New York, in deciding *Cockey* v. *Hurd*,§ derive the authority exclusively from that subdivision ; and it is substantially placed upon the ground that it modified or repealed the precedent prohibition contained in section 389 of the Code. A mere modification it could not be very well, for that section declares that a party shall not be examined on behalf of the adverse party, except in the manner prescribed by chapter 6 of the Code, and that merely provides for his examination as a witness in the action. If subdivision 7, of section 401, has had any effect on this prohibition, it has repealed it altogether. Nothing less than that could possibly be done, and at the same time provide for a different mode of examining a party. If, under subdivision 7, of section 401, a party can be so far examined before a referee as to be required to make an affidavit at the instance, and for the benefit, of the adverse party, then a different mode has been provided for the examination of a party than that prescribed by chapter 6 of the Code. And the prohibition that it should not be done has certainly been repealed. But if it has not been repealed, then subdivision 7, of section 401, should be so construed as not to include parties to the action.

The prohibition restricting the examination of one party at the instance of another, to the mode prescribed by chapter 6 of the Code, has not been expressly changed or modified since 1848, when it was enacted ; and that, certainly, is very cogent evidence that the legislature has, at no time, designed to effect any change in the restriction imposed by it. By the enactment

---

* See Cockey v. Hurd, 12 Abb. (N. S.), 308 ; Knoeppel v. Kings Co. Ins. Co., 47 How., 412.

† 3 Abb. (N. S.), 430.   ‡ Palmer v. Adams, 22 How., 375.   § *Supra*.

of subdivision 7, of section 401, no indication was given of the existence of any legislative purpose to change it. All that was then done upon this subject, was, to declare that section 401 should be amended, by adding to it what is now subdivision 7. * It simply provided for making an amendment, by way of an addition to one section, without indicating the existence of any purpose for changing any other section by doing that, and that it did not change the prohibition contained in the preceding section 389, is well settled by the principle of construction restraining statutory repeals by implication.

The addition made by the amendment to section 401, was, in no just sense, repugnant to the prohibition contained in section 389. Both can very well stand together, and, where that can be done, no repeal by implication is effected by a later enactment. By subdivision 7, of section 401, the affidavit of any person may be secured in favor of any party requiring it, to make or oppose a motion ; and, at the same time, parties can only be examined in the manner prescribed by chapter 6 of the Code. No difficulty stands in the way of maintaining both provisions at the same time. And when that can be done, the later statute does not repeal or supersede the earlier one relating to the same general subject-matter.

The rule on this subject is, that the earliest statute " remains in force, unless the two are manifestly inconsistent with, and repugnant to, each other, or unless, in the latest act, some express notice is taken of the former, plainly indicating an intention to abrogate it. As laws are presumed to be passed with deliberation, and with full knowledge of all existing ones on the same subject, it is but reasonable to conclude that the legislature, in passing a statute, did not intend to interfere with or abrogate any former law relating to the same matter, unless the repugnancy between the two is irreconcilable. Hence, a repeal by implication is not favored ; on the contrary, courts are bound to uphold the prior law, if the two acts may well subsist together. " † This rule is more particularly applicable to an amendment of a system or scheme of laws, relating

* Laws of 1862, 858, § 32.

† Bowen v. Lease, 5 Hill, 221, 225, 226; McCartee v. Orphan Asylum, 9 Cow., 438 ; Hayes v. Symonds, 9 Barb., 260; Van Rensselaer v. Snyder, id., 303.

to one general subject like that of the Code of Procedure.* And, under its application, it is quite plain that the enactment of subdivision 7, as a mere amendment of section 401, which is all that was done, did not repeal or modify the restriction imposed by the preceding section 389 of the Code. It was so held in a carefully considered opinion, in the case of *Hodgkin* v. *Atlantic & P. R. R. Co.*† And for the reasons already stated, that authority should be followed instead of the decision finally made in *Cockey* v. *Hurd.*‡

The plaintiff was not bound to make an affidavit for the defendant, because he was a party to the action in which it was required. And his motion to vacate the order requiring him to appear before a referee to make it, should have been granted. The order directing him to appear, which was made upon the hearing of both parties, and provided for proceedings by way of punishing the plaintiff for contempt if he failed to do so, is necessarily dependent on the order denying the plaintiff's motion to vacate the first order. If the latter is vacated, the foundation is entirely removed, on which the second order stands. It follows, therefore, that the reversal of the order denying the plaintiff's motion, requires the entire proceeding to be annulled. That should be reversed for the reasons already given. And, as a consequence of that, the order made for taking the plaintiff's affidavit, must be vacated, and the other order made at the defendant's instance, and appealed from by the plaintiff, specially directing the plaintiff to make the affidavit, or, in default thereof, that he should be attached and brought before the court to be dealt with for his misconduct, should also be reversed. But from the confused condition into which the practice on this subject had fallen, the orders should be reversed, and the first order vacated, without costs.

DAVIS, P. J., and LAWRENCE, J., concurred.

Ordered accordingly.

* Powers v. Shepard, 48 N. Y., 540.     † 5 Abb. (N. S.), 73.     ‡ *Supra.*