SPRATT, appellant, v. HUNTINGTON.

*Practice — party in contempt may move to vacate irregular order — Affidavit to be used on motion — party cannot be compelled to make.*

Plaintiff was ordered to appear before a referee and make an affidavit to be used on a motion by defendant. This he neglected to do, and another order was made directing him to appear and do so, and providing for his punishment if he disobeyed. Plaintiff then moved to vacate the first order, and, upon the denial of the motion, appealed, and also appealed from the second order. *Held*, (1) that, if the order was irregular, the contempt of plaintiff in disobeying it did not preclude him from moving to vacate it; (2) that plaintiff was the proper person to make the motion, and (3) that the existence of the second order did not prevent a motion to vacate the first.
*Held*, also, (1) that, by section 389 of the Code, a party can be examined only in the manner prescribed by chapter 6 of the Code; (2) that section 401, subdivision 7, is not repugnant to the prohibition in section 389, and its passage did not repeal that section; (3) that a party to an action cannot be compelled, under section 401, subdivision 7, to make an affidavit to be used in a motion therein, and (4) that the first order should be vacated and the second reversed. *Cockey* v. *Hurd*, 4 Jones & Sp. 42; S. C., 12 Abb. N. S. 308, overruled.

APPEALS from two orders, one adjudging plaintiff in contempt, the other denying a motion to set aside an order for the plaintiff to appear before a referee and make a deposition to be used on a motion by defendant.

The action was brought by James K. Spratt against George C. Huntington to recover for alleged damage to real estate. Plaintiff procured the arrest of defendant in such action, and defendant,

for the purpose of moving to set the order of arrest aside, desired to obtain plaintiff's affidavit to certain facts. In order to procure this, he obtained an order for plaintiff to appear before a referee and make a deposition concerning such facts. Plaintiff appeared before the referee, but refused to make the deposition.

Upon an order to show cause, an order was made adjudging plaintiff guilty of contempt, and directing him to appear before the referee and make the required deposition. Plaintiff then moved to vacate the first order upon the ground of irregularity, which motion was denied.

*H. Brewster*, for appellant.

*J. H. Whitelegge*, for respondent.

DANIELS, J. An order was procured by the defendant, without notice, requiring the plaintiff to appear before a referee and make an affidavit, to be used by the defendant upon a motion to be made by him in this action. He did not make the affidavit, and a further order was made, on notice to him to appear and do so, and providing for his punishment in case of further disobedience on his part. The plaintiff then moved to vacate the first order as irregular, and that motion was denied. From these two orders the plaintiff appealed to the general term.

The fact that the plaintiff was nominally as well as actually in contempt for disobeying the order requiring him to appear before the referee and make his affidavit did not prevent him from moving to vacate that order if in fact it was irregular; for if that was its character he was entitled as a matter of strict right to have it set aside. A party in contempt is not precluded from making such an application, but merely from applying for a favor resting, to some extent at least, in the discretion of the court. *Brinkley* v. *Brinkley*, 47 N. Y. 40. And as the order requiring the plaintiff to appear before the referee and make his affidavit was made *ex parte*, the only mode in which he could be relieved from it was by a motion made to vacate or set it aside.

He was directly affected by the order, and if it was irregularly made he had the right to have it set aside. The motion was properly made by him, and could have been made by no other person. *Ramsey* v. *Gould*, 57 Barb. 400, 410. And as already shown, the

order directing him to appear, made in the motion for his punishment, did not prevent him from making the application he did to vacate the first order.

One of the appeals is from the order giving such direction, and that order is consequently under the entire control of this court. And for the purpose of determining the disposition which should be made of it, the question must first be considered whether the motion to vacate the order requiring the affidavit from the plaintiff was properly denied, and the solution of that question depends upon the existence of the power of the court to require one party to make an affidavit at the instance of the other party to be used on the hearing of a motion.

In the case of *Cockey* v. *Hurd*, 4 Jones & Sp. 42; S. C., 12 Abb. N. S. 308, it was held that the court did possess that authority. This case was decided upon very full consideration; and being decided by the general term of a co-ordinate tribunal in this city, should be followed, for the purpose of securing uniformity in the practice of the courts, unless it clearly appears to be erroneous. To a considerable extent its effect is impaired by the circumstance that two of the learned judges of that court have reached a different conclusion, in carefully considered opinions, one of which was delivered since *Cockey* v. *Hurd* was decided. See *Cockey* v. *Hurd*, 12 Abb. N. S. 308; *Knoeppel* v. *Kings County Ins. Co.*, 47 How. 412. The decision receives some support from the case of *Fisk* v. *Chicago & Rock Island R. R. Co.*, 3 Abb. N. S. 430; but it is exceedingly slight because the point, though decided, was not to any extent made the subject of examination.

Before the enactment of subdivision 7 of section 401 of the Code, the affidavit of a party could not be compulsorily procured by his adversary for the purpose of enabling the latter to use it upon a motion. *Palmer* v. *Adams*, 22 How. 375; and the general term of the superior court of New York in deciding *Cockey* v. *Hurd*, *supra*, derive the authority exclusively from that subdivision, and it is substantially placed upon the ground that it modified or repealed the precedent prohibition contained in section 389 of the Code. A mere modification it could not be very well, for that section declares that a party shall not be examined on behalf of the adverse party except in the manner prescribed by chapter 6 of the Code, and that merely provides for his examination as a witness in the

action. If subdivision 7 of section 401 has had any effect on this prohibition it has repealed it altogether. Nothing less than that could possibly be done and at the same time provide for a different mode of examining a party. If under subdivision 7 of section 401 a party can be so far examined before a referee as to be required to make an affidavit at the instance and for the benefit of the adverse party then a different mode has been provided for the examination of a party than that prescribed by chapter 6 of the Code, and the prohibition that it should not be done has certainly been repealed. But if it has not been repealed, then subdivision 7 of section 401 should be so construed as not to include parties to the action.

The prohibition restricting the examination of one party at the instance of another to the mode prescribed by chapter 6 of the Code has not been expressly changed or modified since 1848, when it was enacted, and that certainly is very cogent evidence that the legislature has at no time designed to effect any change in the restriction imposed by it. By the enactment of subdivision 7 of section 401 no indication was given of the existence of any legislative purpose to change it. All that was then done upon this subject was to declare that section 401 should be amended by adding to it what is now subdivision 7. Laws of 1862, chap. 460, § 32. It simply provided for making an amendment by way of an addition to one section without indicating the existence of any purpose for changing any other section by doing that, and that it did not change the prohibition contained in the preceding section 389 is well settled by the principle of construction restraining statutory repeals by implication.

The addition made by the amendment to section 401 was in no just sense repugnant to the prohibition contained in section 389. Both can very well stand together, and where that can be done no repeal by implication is effected by a later enactment. By subdivision 7 of section 401 the affidavit of any person may be secured in favor of any party requiring it to make or oppose a motion, and at the same time parties can only be examined in the manner prescribed by chapter 6 of the Code. No difficulty stands in the way of maintaining both provisions at the same time. And when that can be done the later statute does not repeal or supersede the earlier one relating to the same general subject-matter. The rule on this subject is that the earliest statute "remains in

force unless the two are manifestly inconsistent with and repugnant to each other, or unless in the latest act some express notice is taken of the former, plainly indicating an intention to abrogate it." As laws are presumed to be passed with deliberation and with full knowledge of all existing ones on the same subject, it is but reasonable to conclude that the legislature in passing a statute did not intend to interfere with or abrogate any former law relating to the same matter, unless the repugnancy between the two is irreconcilable. Hence a repeal by implication is not favored ; on the contrary, courts are bound to uphold the prior law if the two acts may well subsist together. *Bowen* v. *Lease,* 5 Hill, 221, 225, 226 ; *McCartee* v. *Orphan Asylum,* 9 Cow. 438 ; *Hayes* v. *Symonds,* 9 Barb. 260 ; *Van Rensselaer* v. *Snyder,* id. 303.

This rule is more particularly applicable to an amendment of a system, a scheme of laws relating to one general subject like that of the Code of Procedure. *Powers* v. *Shepard,* 48 N. Y. 540. And under its application it is quite plain that the enactment of subdivision 7 as a mere amendment of section 401, which is all that was done, did not repeal or modify the restriction imposed by the preceding section 389 of the Code.

It was so held in a carefully considered opinion in the case of *Hodgkin* v. *Atlantic & Pacific Railroad Co.,* 5 Abb. N. S. 73, and for the reasons already stated that authority should be followed instead of the decisions finally made in *Cockey* v. *Hurd, supra.*

The plaintiff was not bound to make an affidavit for the defendant because he was a party to the action in which it was required. And his motion to vacate the order requiring him to appear before a referee to make it, should have been granted.

The order directing him to appear, which was made upon the hearing of both parties and provided for proceedings by way of punishing the plaintiff for contempt if he failed to do so, is necessarily dependent on the order denying the plaintiff's motion to vacate the first order. If the latter is vacated, the foundation is entirely removed on which the second order stands. It follows, therefore, that the reversal of the order denying the plaintiff's motion requires the entire proceeding to be annulled. That should be reversed for the reasons already given. And as a consequence of that the order made for taking the plaintiff's affidavit must be vacated. And the other order made at the defendant's instance, and appealed from by the plaintiff specially directing the plaintiff

to make the affidavit, or in default thereof that he should be attached and brought before the court to be dealt with for his misconduct, should also be reversed. But from the confused condition into which the practice on this subject had fallen, the orders should be reversed and the first order vacated without costs to either party.

*Ordered accordingly.*