Donohue, J.
—The question presented in this case is, whether John J. O’Brien, the relator, comes within the terms of the civil service law and is compelled, in order to- *521 procure a reappointment to Ms present position, to submit to an examination under the terms of the civil service act. The question has received a very careful consideration from Judge Lacombe, formerly corporation counsel, in reply to a request of the mayor for his opinion on the subject.
After fully and thoroughly examining the question, I think I must adopt the conclusion to which he came and cannot do better than adopt his opinion coming to that conclusion.
“August, 6, 1884.
"Hon. Franklin Edson, Mayor:
“ Sib—I am in receipt of your communication under date of July 25, 1884, inclosing a letter addressed to you by Mr. Everitt P. Wheeler, respecting questions of law raised in the course of framing the civil service rules and regulations. You request my opinion as to the legal propositions suggested in Mr. Wheeler’s letter. Mr. Wheeler calls attention to the fact that the eighth section of chapter 357 of the Laws of 1884 (amending the civil service act of 1883), which was passed on the twenty-fourth day of May, provides that election officers now in office and inspectors of election and poll clerks shall be exempt from examination, etc.
“That the second section of chapter 410, passed five-days later, amends section 8 of the original civil service act, and contains an express provision that after the termination of three months from its passage no officer or clerk shall be appointed, and no person shall be admitted to or promoted in either of said classes now existing, or that may be authorized thereunder, pursuant to said rules, unless he has passed an examination or is shown to be exempt from such examination.
“The question raised by Mr. Wheeler upon this legislation, is whether section 8, amended by the subsequent act (chapter 410), is not so inconsistent with the section of chapter 357, relating to election officers, as to repeal it.
“Upon receipt of your communication I wrote to Mr. Wheeler to the effect that I would be glad to confer with Mm on the subject, and received from his office a further communication in which he refers to a well-settled rule of statutory construction that when two statutes passed at the same session are repugnant to each other, the act which last receives the approval of the governor must prevail, and he cites several authorities in support of this proposition. In my opinion, however, there is no such repugnancy in the statute cited as will warrant the application of this rule of construction.
It is a well-settled rule that repeals by implication are *522 not favored, and that irreconcilable repugnancy is required where no express repeal is enacted. The two acts of 1884 should be read together and in the absence of irreconcilable repugnancy both should stand.
“The two enactments here supposed to be in conflict are as follows: ‘After the termination of three months from the passage of this act, no officer or clerk shall be appointed in either of said classes now existing, or that may be arranged hereunder pursuant to said rules until he has passed an examination, or is shown to be exempt from such examination in conformity with such regulations.’ Section 2, chap. 410, Laws of 1884.
“ ‘The election officers now in office, and the inspector of election and poll clerk, shall be exempt from examination in accordance with the act hereby amended or the amendments thereof, and it shall be the duty of the commissioners and mayors of cities so to provide any regulations made under said act.’ Section 8, chap. 357, Laws of 1884.
“If those two provisions, instead of being contained in two separate acts amending chapter 354 of the Laws of 1883, were both in the same act, it does not seem to me that it could be fairly claimed that they were irreconcilably repugnant; that they would be construed together, so that both should stand, the former provision recognizing, by the use of the words ‘ shown to be exempt from such examination,’ the exemption provided for the latter.
“The view is illustrated by the phraseology of section 8 of chapter 354 of the Laws of 1883, as amended by this very section 2, chapter 410 of the Laws of 1884.
“This amended section (after the provision above cited prohibiting the appointment of officers or clerks in the various classes unless they have passed examination or are shown to be exempted) contains an enumeration of exemptions as follows: ‘ Officers elected by the people, etc., shall not be subject to the regulations prescribed pursuant to this section.’
“Bearing in mind that both chapter 357and chapter 410 of the Laws of 1884 are passed expressly as amendments to chapter 354, Laws of 1883, and that section 2 of chapter 357, Laws of 1884, amends section 8, Laws of 1883, ‘ so as to read as follows:’ we have the act of 1883, containing as one of its sections the 8th section of chapter 357 of Laws of 1884, and the phraseology of the 8th section of the act of 1883 changed as provided by chapter 410 of 1884.
“It seems to me that it can make no diffierence whether this clause as to election.officers be m the eighth section of act of 1883, or in any other section of that act,
“In either case it exempts them from the examination *523 just as the officers elected by the people, etc., mentioned in said eighth section are hereby exempt.
The rule in pari materia would accomplish the same result, even if the two acts were not both amendatory of chap. 354, Laws 1883. Perkins v. Perkins, 62 Barb., 542.
“The language of Judge Earl, in Powers v. Shepard (48 N. Y., 540), is so apt to this case as to justify its citation: Tt is hardly to be presumed that the legislature would have repealed an act passed but fourteen days before, and if they had intended to do so they would probably have said so in some appropriate language and would not have left it to inference.’
“ In this case me two laws were passed within five days of each other. Moreover great force lies in the words, or amendments thereto, in chap. 357 of Laws of 1884. They evidently were used to apply to the amendments made by chap. 410, which was in progress through the legislature at that time. There were no other amendments then but these, and this phrase either referred to these or else to all amendments which might be made. With this phrase before them, the legislature certainly would not have left the repeal to implication.
“For these reasons, it is my opinion that it is your duty to provide in the civil service regulations about to be made by you, in accordance with the provisions of section 8 of chapter 357 of the Laws of 1884, that the election officers now in office, and inspectors of election and poll clerks, shall be exempt from examination in accordance with chapter 354 of the Laws of 1883, as the same is now amended.
“Yours, respectfully,
“E. HENRY LACOMBE,
“ Counsel to the Corporation
The opinion goes over the whole subject, and disposes of all the points raised on this application. The point is taken that the relator did submit to an examination, and that for so submitting in some way he has lost his exemption under the act. It seems to me there is no force in tms position. It certainly cannot harm the position of the relator, if he is not within the terms of the act, to submit to an examination that shows him to be the most competent of all those examined for the position.
Motion granted.