DETERMINED IN THE

# SECOND DEPARTMENT

AT

# GENERAL TERM,

## December, 1894.

---

JACOB A. PERKINS, Respondent, *v.* THE CITY OF POUGHKEEPSIE, Appellant.

*Negligence — evidence as to the condition of a street subsequent to an accident — judgment not reversed where the ground of competency of rejected evidence is not stated.*

Upon the trial of an action brought to recover damages resulting from personal injuries sustained by the plaintiff in the month of August, 1892, while riding in one of the public streets of a city, by reason of the alleged negligence of such city in allowing a hole to remain in such street, the condition of the street at the time of the accident was a question in issue.

*Held,* that testimony offered by the defendant to show the condition of the street in April, 1893, was inadmissible in evidence.

Upon excluding such evidence the court said that if there had been any testimony given on the direct examination of any of the plaintiff's witnesses as to the condition of the street in 1893 the evidence would be admitted, and it appeared upon appeal that one of the plaintiff's witnesses upon her direct examination testified that the hole existed in 1893.

*Held,* that the judgment rendered in favor of the plaintiff should not be reversed because thereof.

The defendant claimed that the testimony offered was admissible for the purpose of contradicting the plaintiff's witnesses.

*Held,* that he should have called the court's attention, when the ruling was made, to the fact that such evidence had been given by the plaintiff's witness upon the trial.

APPEAL by the defendant, The City of Poughkeepsie, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Dutchess on the 27th day of June, 1894, upon the verdict of a jury, rendered after a

trial at the Dutchess Circuit, and also from an order made on the 20th day of June, 1894, and entered in said clerk's office, denying the defendant's motion for a new trial made upon the minutes, with notice of an intention to bring up for review upon such appeal all questions of fact and law arising upon the trial, the judgment and the motion for a new trial.

*C. B. Herrick*, for the appellant.

*Frank B. Lown*, for the respondent.

BROWN, P. J.:

This action was brought to recover for injuries received by the plaintiff while riding on one of the public streets of the city of Poughkeepsie.

While being conveyed to his home a hired cab in which he was riding was driven into a hole, and the plaintiff thrown from his seat and so jolted and shaken as to inflict serious injury upon him. There was evidence from which the jury were permitted to find that the hole had existed for a long time previous to the accident, and the negligence of the city in reference to it was established.

The principal question of fact litigated upon the trial was as to the existence of the hole. The plaintiff supported his allegation by his own testimony and that of the cab driver and several other witnesses. Opposed to this testimony was that of fifteen residents upon the street, among them several who drove over it, and all of whom had opportunity to observe its condition, that they never had seen the hole described by plaintiff's witnesses. The accident happened in the month of August, 1892.

The defendant called a witness to prove the condition of the street in April, 1893, which evidence the court excluded upon the plaintiff's objection. This evidence was clearly inadmissible as it had no tendency whatever to show that the hole did not exist in August, 1892.

In excluding it, however, the court said that if there had been any testimony given upon the direct examination of any of the plaintiff's witnesses as to the condition of the street in 1893 he would admit the evidence.

It is apparent from the ruling of the court that it was not aware that any such testimony had been given, and the plaintiff's counsel

was evidently of the same opinion, as his ground of objection was that he had been restrained from proving the existence of the hole in 1893.

The counsel for the appellant now calls our attention to the testimony of Mrs. Baker and Mr. Mills that the hole existed in 1893. The fact was called out from the latter witness on cross-examination and does not aid the defendant's contention, and in reference to Mrs. Baker's testimony, if the counsel claimed that the evidence he offered was admissible to contradict her, he should have called the court's attention to it when the ruling was made. The court distinctly stated that it would admit the evidence if any of plaintiff's witnesses had testified in the direct examination to the condition of the street in 1893, and the defendant, by failing to call the court's attention to Mrs. Baker's evidence, must be deemed to have waived that ground for its admission.

The point in the case was as to the condition of the street at the time of the accident. Its condition in the spring of 1893 had no relevancy on that issue, and the ruling of the court was right.

. No other question requires discussion, and the judgment and order should be affirmed.

Dykman and Cullen, JJ., concurred.

Judgment and order affirmed, with costs.