RACHEL A. WOOLSEY, Respondent, *v.* THE TRUSTEES OF THE VILLAGE OF ELLENVILLE, Appellant. No. 2.

*Case opened to receive further evidence — damages for personal injuries — evidence of the condition of a street before and after the accident admissible — subds. 1 and 5 of section 3 of chapter 270 of 1885 — certificates thereunder of the cause of death admissible in evidence.*

It is not unusual on the trial of actions, for the court, in the exercise of its discretion, to allow a party after a case is rested to recall witnesses and supply defects in the evidence which have inadvertently occurred, and a judgment should not be reversed on account of the exercise of such discretion unless the trial judge has been guilty of an abuse of the same.

Upon the trial of an action brought to recover damages arising from personal injuries, sustained by the plaintiff in falling upon the sidewalk of a street of a village, the testimony of witnesses as to the condition of the sidewalk and gutter, both before and after the accident, if offered for the purpose of showing the condition of the *locus in quo* at the time of the injury, is admissible in evidence.

While the primary object of the Legislature in enacting subdivisions 1 and 5 of section 3 of chapter 270 of the Laws of 1885 was to furnish information on the subject of vital statistics for sanitary purposes, yet the language employed is broad enough to make certificates of the cause of the death of persons on file in the office of the clerk of the town in which such persons died, although not under oath, admissible in evidence upon the trial of an action, and such certificates are *prima facie* evidence of the facts therein set forth.

APPEAL by the defendant, The Trustees of the Village of Ellenville, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Ulster on the 21st day of April, 1894, upon the verdict of a jury rendered after a trial at the Ulster Circuit, and also from an order, made on the 9th day of April, 1894, and entered in said clerk's office, denying the defendant's motion for a new trial made upon the minutes.

*G. G. & J. B. Keeler* and *A. T. Clearwater*, for the appellant.

*John E. Van Etten*, for the respondent.

MAYHAM, P. J. :

This action was prosecuted by the plaintiff against a municipal corporation to recover for an alleged injury resulting from a fall of the plaintiff upon one of the sidewalks in the street of the defendant by reason of an alleged defect in the same. The theory upon which the plaintiff prosecuted such action was, that by reason of the defendant's negligence in the construction of an imperfect and faulty ditch and an imperfect and defective culvert or drain under the sidewalk, surface water conducted in the ditch was precipitated upon the sidewalk and formed ice on the same, upon which the plaintiff, without negligence or fault on her part, slipped and fell, and by such fall suffered bodily injury. The defense proceeds upon the theory that the ditch and culvert were properly constructed, and that the alleged ice was not the result of any fault or negligence on the part of the defendant, and that the plaintiff was guilty of negligence, which caused or contributed to the alleged injury.

At the conclusion of the testimony of the plaintiff the defendant asked the court to dismiss the complaint on the ground, among others, that the plaintiff had failed to prove the absence of contributory negligence. Before deciding the motion the court permitted the further examination of the plaintiff under the defendant's objection and exception ; and she testified that she was walking carefully, whereupon the court denied the defendant's motion, to which the defendant excepted. It is not unusual in the trial of actions for the court, in the exercise of its discretion, to allow a party after a cause is rested to recall witnesses and supply defects in the evidence which have inadvertently occurred ; and a judgment

should not be reversed for such exercise of discretion unless the trial judge has been guilty of an abuse of the same.

We do not think in this case that such discretion was abused. We have carefully examined all the exceptions to the rulings of the learned trial judge as to the admission or rejection of evidence on the trial and can find no error which would seem to justify a reversal on that ground.

The map made by the engineer and verified by him seems to be sufficiently authenticated as correct at the time it was made, and there is evidence that the situation of the sidewalk and gutter had not been changed between the time of the alleged accident and that of making the same, and as the map is not printed in the record we fail to see any error in its admission in evidence, and while there is some evidence of a change of the *locus in quo* the conflict upon that subject became a question for the jury, and could not be disposed of by the court as matter of law.

There was considerable controversy on the trial over the admissibility of the testimony of witnesses as to the condition of this walk and gutter and culvert, both before and after the accident, but as that evidence was manifestly offered for the purpose of showing the condition of the *locus in quo* at the time of the injury, we think the same was admissible, and while by no means conclusive, it was not incompetent evidence.

This evidence was not of the character condemned in *Clapper* v. *Waterford* (131 N. Y. 382) and *Lane* v. *Hancock* (142 id. 510). In those cases the plaintiff proved that the defendant soon after the injury made repairs, for the purpose of establishing knowledge of the dangerous condition of the street and highway, and inferentially a confession of the defects by proceeding to make repairs.

Such evidence has been repeatedly held inadmissible.

On the trial the defendant offered evidence tending to show that plaintiff's ancestors and kinsmen had been affected with paralysis, doubtless with the purpose of raising the presumption that the paralysis which the plaintiff charged as the result of her injury was hereditary. To meet this evidence the plaintiff put in evidence, under the objection of the defendant, a certificate of the cause of death of certain kinsmen of the plaintiff on file in the town clerk's office of the town in which such persons died, certified by the

town clerk to be true copies of the records in such office of the death of such persons. It is urged that these certificates were not competent evidence of the facts which they purport to certify ; that they were not under oath, and the persons making the same were not sworn as witnesses. It is quite clear that these certificates were not competent common-law evidence.

But it is insisted by the plaintiff that they are made evidence by subdivisions 1 and 5 of section 3 of chapter 270 of the Laws of 1885. Subdivision 1 of this section provides for the proceedings of the board of health created by that chapter ; subdivision 5 of such section makes it the duty of the board of health " to secure the registration of all certificates and records of death and the causes of death, * * * of the undertaker, sexton or other person having charge of the body of any dead person, to procure a record of the death, and its probable cause, duly certified by the physician in attendance on the deceased during his last illness. * * * It shall also be the duty of every such board of health to provide for obtaining copies of the said registered records of births, marriages and deaths, and for the amount and payment of fees for such copies. Such copies, duly attested by the local registering officer, and verified transcripts from the records preserved in the State Bureau of Vital Statistics, shall be admitted in all the courts of this State as *prima facie evidence* of the facts therein set forth. "

While it is quite apparent that the primary object of the Legislature in enacting these provisions of law was to furnish information upon the subject of vital statistics for sanitary purposes, yet it is manifest that the language employed is broad enough to make these certificates such as the act expressly declares " shall be admitted in all the courts of this State as *prima facie* evidence of the facts therein set forth." Under such circumstances we think the certificates were competent evidence.

We are also of the opinion that the motion for a nonsuit, and the dismissal of the plaintiff's complaint, was properly disposed of by the trial judge. Whether the plaintiff was or was not guilty of contributory negligence was, under the evidence in this case, clearly a question of fact for the jury and properly submitted upon a fair and impartial charge to them.

I think the same must be true as to the question of the negligence

of the defendant in the construction and maintenance of the sidewalk and ditch by reason of which the plaintiff claims she was injured. On the whole case we think there was no error committed at the trial for which this judgment can be reversed.

PUTNAM and HERRICK, JJ., concurred.

Judgment affirmed, with costs.