In the Matter of the Application of JACOB T. WORTH, Appellant, for a Writ of Mandamus, Directed to LEONARD R. WELLES, as Commissioner of Police and Excise of the City of Brooklyn, Respondent.

*Brooklyn — annexation of Flatlands — police captain of Flatlands only entitled to be transferred to the force of Brooklyn as a patrolman.*

Under the provisions of chapter 450 of the Laws of 1894, relative to the annexation of the town of Flatlands to the city of Brooklyn, a captain of the police force of Flatlands is only entitled on being transferred to the police force of the city of Brooklyn, to occupy upon that force the position of a patrolman.

The provision in chapter 450 of the Laws of 1894, which enacts that the salaries of the policemen appointed from the force of Flatlands should be the same as those of the city of Brooklyn, only means that, after crediting them with their service in the police department of Flatlands, they shall be paid according to their grade on the police force of the city of Brooklyn.

APPEAL by the relator, Jacob T. Worth, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 21st day of February, 1896, denying his motion for a peremptory writ of mandamus directed to Leonard R. Welles, as commissioner of police and excise of the city of Brooklyn, commanding him to appoint the said relator a member of the police force of the city of Brooklyn with the rank of captain upon said force.

*Edward M. Grout,* for the appellant.

*Jacob Brenner,* for the respondent.

Order affirmed, with ten dollars costs and disbursements, on the opinion of the Special Term.

All concurred.

The opinion of the Special Term was as follows:
CLEMENT, J.:

The relator was a captain on the police force of the town of Flatlands on January 1, 1896, the date when that town was annexed to the city of Brooklyn. He insists that by virtue of the provisions of chapter 450 of the Laws of 1894, he should be appointed on or

transferred to the police force of this city as a captain and not as a patrolman. The portion of the act relating to the police is as follows: "The regular policemen holding appointments from the board of police commissioners of the said town, January 1st, 1896, shall be appointed on the police force of the city of Brooklyn without a civil service examination, and they shall be credited by the police department of the city of Brooklyn with as long a term of service as they are entitled to as regular policemen under the police department of the city of Brooklyn and of the town of Flatlands as shown by the records of said departments. The salaries of said policemen shall be the same as those of the city of Brooklyn, and said policemen shall be entitled to all the rights, privileges and benefits of what kind soever now enjoyed by policemen under the police department of said city, and the said police department of the town of Flatlands shall become a police precinct of the city of Brooklyn."

I am of opinion that the captain was included in the words "regular policemen" (see Laws of 1893, chap. 353, § 3), and I am further of opinion that, if the respondent appoints the relator as a patrolman, he complies with the letter and the spirit of the act in question. The letter of the law is complied with if the commissioner of police appoints the relator "on the police force of the city of Brooklyn."

The spirit of the law is complied with by an appointment as patrolman, as will be seen by reference to the acts of annexation of New Lots, Flatbush and New Utrecht, and to chapter 779 of the Laws of 1895 relating to the police force of the town of Gravesend.

By no other law has an officer been transferred or appointed as an officer by implication, unless the act so specifically directed. In the act affecting New Lots (Laws of 1886, chap. 335) the fifteen regular policemen were transferred to the Brooklyn force, "retaining their respective ranks therein." In the Flatbush act (Laws of 1894, chap. 356) the regular policemen and officers were transferred, the captain as a detective sergeant and all others as patrolmen. In the Gravesend Annexation Act (Laws of 1895, chap. 779) the regular policemen and officers were transferred as patrolmen if found competent, and in the New Utrecht Annexation Act (Laws 1894, chap. 451) the men and officers, if found competent, had preference in appointment as patrolmen. In New Lots the police force had

existed for at least eight years prior to annexation (Chap. 305, Laws of 1878), and the Legislature, perhaps for that reason, transferred the officers with like rank to the Brooklyn force.

In Flatlands the police force had existed only about a year prior to the passage of the act of annexation. In the act affecting Flatbush, where the police force had existed at least sixteen years (Chap. 409, Laws of 1878), the captain was made a detective sergeant, and all other officers patrolmen. A captain of police in this city reaches that important position after long years of service as patrolman, roundsman and sergeant, and the appointment to that office of a person who had only served on the force two years and a half would be an unusual act, and it will be observed that the police force of Flatlands had only existed about that time when the act of annexation took effect. In view of the legislative action in 1894 and 1895 in relation to the officers of police of Flatbush, New Utrecht and Gravesend, it seems to me that the captain of police of Flatlands is only entitled to be appointed as a patrolman on the force in this city. (*Powers* v. *Shepard*, 48 N. Y. 540; *People* v. *Butler*, 147 id. 164.)

The provision in the act that the salaries of the policemen appointed from the Flatlands force should be the same as those of the city of Brooklyn means that after crediting them with their service in the department of Flatlands, they shall be paid according to their grade on the Brooklyn force. (§ 5, tit. 11, Revised Charter [Chap. 583 of 1888].) The words "the said police department of the town of Flatlands shall become a police precinct of the city of Brooklyn" simply made the former town a police precinct of the city.

Motion for a peremptory writ of mandamus denied, without costs.