(17 App. Div. 185.)

### TEASDALE v. VILLAGE OF MALONE.

(Supreme Court, Appellate Division, Third Department. May 5, 1897.)

NEGLIGENCE—DANGEROUS PREMISES—CONDITION AFTER ACCIDENT.

Plaintiff in an action for injuries caused by the alleged defective condition of a plank sidewalk may show the condition of the sidewalk on the day after the accident.

Appeal from trial term, Franklin county.

Action by Sarah Teasdale against the village of Malone for personal injuries. From a judgment entered on a verdict in favor of defendant, and from an order denying motion for a new trial, plaintiff appeals. Reversed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

J. W. Webb, for appellant.
John P. Kellas, for respondent.

PUTNAM, J. The plaintiff brought this action to recover damages for injuries alleged to have been sustained in consequence of the defective condition of a board sidewalk in one of the streets of the village of Malone. She claimed that the planks on said walk, at the place where she was injured, were loose, unnailed, and rotten, and put on rotten stringers. On the trial she called one Joseph Teasdale as a witness, and, after showing that she had pointed out the place where she was injured, sought to prove by him the condition of the walk at the locality in question, on the day after the accident, and that the plank and stringers were then rotten. This testimony, on the objection of the defendant, was excluded by the trial court, on the ground that it was not proper to show the condition of the walk subsequent to the accident; and the plaintiff excepted.

We think the court erred in sustaining the objection to the evidence thus offered. The plaintiff could not properly have shown the condition of the walk a considerable period subsequent to the accident. Perkins v. City of Poughkeepsie, 83 Hun, 76, 31 N. Y. Supp. 368. But testimony tending to show that, on the next day after the plaintiff received her injury, the plank and stringers, at the place in question, were rotten, was competent. Woolsey v. Trustees, etc., 84 Hun, 236, 32 N. Y. Supp. 543; Strauss v. Railway Co., 6 App. Div. 264, 39 N. Y. Supp. 998. The plaintiff sought to show the decayed condition of the board walk at the place where she fell. "There is a legal presumption of continuance." Wilkins v. Earle, 44 N. Y. 172–192. The testimony offered to show that the plank and stringers of the walk were rotten the day after the injury would also have proved or tended to prove its condition at the time of the accident. The authorities cited by the learned counsel for respondent are not parallel to this case. They are to the effect that in such cases as this the acts of a defendant, subsequent to the injury complained of, to remedy the defect which

caused an accident, cannot be shown. See Corcoran v. Village of Peekskill, 108 N. Y. 151, 15 N. E. 309.

As the exclusion of this evidence may have affected the verdict, the judgment should be reversed, and a new trial granted; costs to abide the event. All concur.