(32 Misc. Rep. 254.)

### BEGLIN v. METROPOLITAN LIFE INS. CO.

(Supreme Court, Trial Term, Albany County. June 22, 1900.)

INSURANCE—BOARD OF HEALTH—RECORD—EVIDENCE.

Laws 1885, c. 270, relating to the boards of health of all cities in the state, except the cities of New York, Brooklyn, and Buffalo, requires the registration of the "causes of death" of persons dying in such cities, and makes copies of such records prima facie evidence of the facts therein set forth. Chapter 297, passed nine days after chapter 270, relates to the city of Albany alone, and requires registration of deaths, but does not make the records, or copies thereof, prima facie evidence of the facts therein stated. Held, that chapter 297 does not repeal the provision of chapter 270 making the records in which the causes of death are registered prima facie evidence of the facts therein stated, and hence such provision is applicable to the city of Albany, and such records are prima facie evidence of the cause of death, in an action on a policy of insurance.

Action by James J. Beglin, administrator of Catharine T. Beglin, deceased, against the Metropolitan Life Insurance Company, on a policy of insurance. Judgment for defendant.

Harold D. Alexander, for plaintiff.
John De Witt Peltz and Martin Nachtman, for defendant.

CHASE, J. On the 10th day of April, 1897, Catharine T. Beglin made a written application to the United States Industrial Insurance Company for, and on the 19th day of April, 1897, obtained, a policy of insurance on her life in such company, payable after her death, as provided by the policy, to her estate. The written application contained, among other questions, the following: "Has either parent or any brother or sister died of consumption or any pulmonary or constitutional disease?" Mrs. Beglin's answer to this question was,

"No." The answers were, by the terms of the application, made warranties, and the basis for the contract of insurance. On or about the 28th day of June, 1897, the defendant assumed the said contract of insurance, and thereupon became bound by all of the agreements of the United States Industrial Insurance Company, and is entitled to assert any defense that the United States Industrial Insurance Company could assert if the transfer had not been made, and the United States Industrial Insurance Company were now the defendant in this action. On the 12th day of June, 1899, said Catharine T. Beglin died. The plaintiff was duly appointed administrator, etc., of Catharine T. Beglin, and presented a claim on said policy to the defendant; but the defendant refused to pay the policy according to the terms thereof, but offered to return to the plaintiff the premiums actually paid by Catharine T. Beglin, which offer was refused, and this action was brought.

The defendant claims, among other things, that Esther Horan, the mother of Catharine T. Beglin, died of consumption in 1889. To prove that Esther Horan died of consumption, the defendant offered in evidence a certified copy of the records of the board of health of the city of Albany, showing that Esther Horan died at Albany, January 2, 1889, of "phthisis pulmonalis." The plaintiff insists that the record of the board of health should not be received in evidence; for he asserts that in 1889 there was no statute requiring the health officer of the city of Albany to certify the cause of death, and no statute making the record of the board of health in the city of Albany evidence in this action. It is necessary to examine the statutes relating to vital statistics, so far as they relate to the city of Albany. Prior to 1885, chapter 152 of the Laws of 1847 and chapter 324 of the Laws of 1850, as amended, were the general statutes relating to public health, and the registry of births, marriages, and deaths, and they were applicable to the city of Albany. By chapter 270 of the Laws of 1885 the said acts of 1847 and 1850, with all amendments thereto, were repealed. The first section of that act states that the city of Albany, with other cities named, is excepted from the operations of that act. This section relates to the formation of boards of health. Notwithstanding the statement in the first section of the act that the city of Albany is excepted from the provisions of the act, the third section of the act provides, "The several boards of health now organized in any city, village or town in this state (except in the cities of New York, Brooklyn, and Buffalo) and the several boards of health constituted under this act, shall have power and it shall be their duty   *   *   *." Then follow nine subdivisions, detailing the powers and duties of boards of health, including provisions for registering the "causes of death," and also making copies of the records prima facie evidence of the facts therein set forth. Chapter 297 of the Laws of 1885 was passed nine days after chapter 270 of the Laws of 1885, and this later act relates to the preservation of the public health and the registration of vital statistics in the city of Albany alone. This special act provides for the registration of births, marriages, and deaths, but does not provide that the health officer shall certify and report the cause of death, and does not pro-

vide that the records of the board of health, or copies thereof, shall be prima facie evidence of the facts therein stated. This act recognizes an existing board of health in the city of Albany. The board of health in the city of Albany only existed at the time of the passage of chapter 297 of the Laws of 1885 by virtue óf the provisions of chapter 270 of the Laws of 1885. Consequently I assume that the word "act," in section 1 of chapter 270 of the Laws of 1885, means "section." Whether chapter 297 of the Laws of 1885 should be considered as a complete substitute for the prior act, so far as the city of Albany is concerned, depends upon the intention of the legislature. The rule is well settled that repeals by implication are not favored, and that a statute is not to be deemed repealed by implication by a subsequent statute on the same subject, unless the two are manifestly inconsistent with and repugnant to each other, or unless a clear intention is declared on the face of the later statute to repeal the former one. People v. Koenig, 9 App. Div. 436, 41 N. Y. Supp. 283. Where several statutes in pari materia are passed by the same legislature, they are to be taken and construed together. Powers v. Shepard, 48 N. Y. 540. The later act takes the place of the earlier only so far as it is inconsistent therewith. It was not the intention of the legislature in this case to deprive the city of Albany of the provisions of the general act, so far as they are not in conflict with the special act. That the legislature did not intend chapter 297 of the Laws of 1885 as a complete substitute for chapter 270 of the Laws of 1885, so far as the city of Albany is concerned, appears by its express exclusion of the city of Albany from the first section of chapter 270, and its retention in section 3 of that act. This intention further appears by chapter 297 assuming to state what acts should not apply to the city of Albany, and not including chapter 270 of the Laws of 1885 in such enumeration. This intention further appears by the public health law enacted in 1893, by which act chapter 270 of the Laws of 1885 was repealed, and the special act (chapter 297, Laws 1885) is expressly preserved, while at the same time it includes the city of Albany in its general provisions, thus continuing for the city of Albany the local act and the general act, so far as they are not inconsistent with one another. I conclude that the cause of the death of Esther Horan was properly included in the certificate of the health officer of the city of Albany in 1889, and that the provision of chapter 270 of the Laws of 1885 making a copy of the record of the board of health prima facie evidence of the facts therein stated was also applicable to the city of Albany. Such record is competent evidence of the cause of death. Woolsey v. Trustees, 84 Hun, 236, 32 N. Y. Supp. 546; Keefe v. Supreme Council, 37 App. Div. 276, 55 N. Y. Supp. 827.

It is unnecessary for me to discuss the many other points raised by the defendant, as the finding in regard to the death of Esther Horan must defeat the recovery herein. Decision and judgment may be prepared accordingly.