PEOPLE OF THE CITY OF NEW YORK ex rel. COLLEGE OF
THE CITY OF NEW YORK, Relator, *v.* JOHN F. HYLAN
et al., Defendants.

(Supreme Court, New York Special Term, August, 1921.)

Mandamus — College of the City of New York — power of trustees
to fix salaries — statutes — board of estimate and apportion-
ment must appropriate funds to pay the salaries fixed by the
trustees — Laws of 1921, chaps. 120, 502.

> The statute (Laws of 1921, chap. 120) which provides that
> the salaries of certain employees, officers and teachers in cer-
> tain institutions shall be not less than a certain amount and
> not more than a certain amount, and that the trustees of the
> College of the City of New York, a distinct and separate cor-
> poration, shall fix the exact salaries which each person is to
> receive, and that the board of estimate and apportionment shall
> appropriate the money to pay such salaries, and the later
> statute (Laws of 1921, chap. 502) which provides that the
> board of estimate and apportionment, which has no power to
> interfere with the salaries fixed by the earlier statute or by the
> trustees of said college, shall not increase any salaries after
> the same shall have been fixed and provided for in the budget
> of the city, should both be given effect within their proper
> scope, and where, because of the later statute, the board of esti-
> mate and apportionment refuses to act upon the schedule
> of salaries fixed by the trustees of the college, a peremptory writ
> of mandamus directing said board to appropriate the necessary
> funds to pay the salaries fixed by said trustees, will be granted,
> but denied in respect to the comptroller on the ground that
> the application is premature.

MOTION for peremptory writ of mandamus.

Davies, Auerbach & Cornell, for plaintiff.

John P. O'Brien, corporation counsel, for defend-
ants.

MARTIN, J.   This is a motion for a peremptory writ
of mandamus.   The legislature of 1921 passed an

act which when signed by the governor became chapter 120 of the Laws of 1921. That act provides that on and after June 1, 1921, the compensation and salaries of the officers of administration and instruction and other employees of any public institution of higher learning, conferring degrees and subject to the provisions of law relative to colleges, shall not be less than the minimum nor more than the maximum provided for in the schedules included therein. It appears, therefore, that the act itself fixed the minimum and maximum of the salaries and provided for the increase thereof. The act authorizes the trustees of such institutions to adopt schedules and schedule conditions, fixing such compensation and salaries within the maximum and minimum aforesaid. The latter provision of the act permitted the trustees to fix the exact salaries at not less than a certain sum fixed by the legislature in that act and not more than the sum stated therein. It was then provided that the board of estimate and apportionment of the city of New York must appropriate the sum necessary to pay the compensation or salaries fixed in accordance with the provisions of chapter 120 of the Laws of 1921. Thereafter, the trustees of the City College, in compliance with the aforesaid law, adopted schedules and schedule conditions, fixing such compensation and salaries within the maximum and minimum provided for. The schedules so fixed were forwarded to the board of estimate and apportionment, so that board might appropriate the funds necessary to pay the salaries provided for therein. It appears that the board of estimate and apportionment has refused to act upon the ground that at the same session of the legislature an act was passed, which after approval by the governor became chapter 502 of the Laws of 1921 and provided as follows: "Article 2-B — Prohibition of Cer-

tain Expenditures of Cities. § 25. Increasing compensation during fiscal year prohibited. The board of estimate and apportionment of any city or the body exercising similar functions is hereby prohibited from increasing the compensation of any office or position, except compensation on per diem basis, paid out of the treasury of such city, during any fiscal year, after the same shall have been fixed and provided for in the budget of such city for such fiscal year. § 2. This act shall take effect immediately.'' It is quite evident from an examination of the two laws that they do not conflict. One act provides that the salaries of certain employees, officers and teachers in certain institutions shall not be less than a certain amount, and not more than a certain amount, in effect fixing their salaries and providing that the trustees of the City College shall fix the exact salary which each person is to receive, and that the board of estimate and apportionment shall appropriate the money to pay such salaries. The other and later act provides that the board of estimate and apportionment shall not increase any salaries after the same shall have been fixed and provided for in the budget of the city. The board of estimate and apportionment has not been requested to increase the salaries in this instance. It has no power to either increase or fix the salaries, or to interfere with the salaries fixed by chapter 120 of the Laws of 1921, or by the trustees of the City College. The City College is a distinct and separate corporation, and the trustees of that institution have the full charge of its maintenance, operation and control. The salaries have been fixed by law and the only duty remaining for the board of estimate and apportionment is to appropriate the money necessary to pay them. It should also be noted that both of these acts were passed by the legislature during the same year. If the legislature intended to repeal the former act

by the later one, the intention would have been expressed. Repeal by implication is not favored. In *Matter of Tiffany,* 179 N. Y. 455, 457, the court said: " The repeal of a statute by implication is not favored by law, for when the legislature intends to repeal an act it usually says so expressly, * * *." The same principle was applied in *Washington* v. *Miller,* 235 U. S. 422, 428. The court said: " First, such repeals are not favored, and usually occur only where there is such an irreconcilable conflict between an earlier and a later statute that effect reasonably cannot be given to both * * *; second, where there are two statutes upon the same subject, the earlier being special and the later general, the presumption is, in the absence of an express repeal, or an absolute incompatibility, that the special is intended to remain in force as an exception to the general * * *; and, third, there was in this instance no irreconcilable conflict or absolute incompatibility, for both statutes could be given reasonable operation if the presumption just named were recognized." See, also, *Davis* v. *Supreme Lodge, Knights of Honor,* 165 N. Y. 159. Where statutes are passed at the same session of the legislature the principle that a repeal by implication will not be favored applies with greater force. *Powers* v. *Shepard,* 48 N. Y. 540, 545. In the present case the intent of both statutes should be given effect within their proper scope. The motion for the issuance of a mandamus to the comptroller is premature and for that reason the motion in that respect will be denied. The motion is granted and a mandamus will be issued to the board of estimate and apportionment directing the appropriation of the necessary funds to pay the salaries fixed as aforesaid.

Ordered accordingly.