12 East Eighty-sixth Street Corporation, Petitioner, *v.* Katie Berstein, Defendant.

Municipal Court of the City of New York, Borough of Manhattan, Ninth District, December 22, 1924.

Summary proceedings to dispossess — defense of renewal of lease not proven — building, which is located in city of New York, was under construction in May, 1922 — said building excepted from operation of provision in Emergency Rent Laws that summary proceedings could not be maintained — this proceeding was instituted under Civil Practice Act, § 1410 et seq.— Laws of 1924, chap. 628, amending Laws of 1920, chap. 136, as amended, did not repeal by implication said exemption contained in Laws of 1920, chap. 136, § 12, as amended.

In a summary proceeding to·dispossess a holdover tenant of a building in New York city the defense that the tenant was holding under a renewal lease was not proven. The building in question having been in process of construction in May, 1922, it was exempt from the provisions of section 1410 *et seq.* of the Civil Practice Act to the effect that· summary proceedings cannot be maintained in the city of New York to remove a holdover tenant, since the statute provides that that provision shall not apply to a new building in course of construction at the time the statute took effect or the construction of which was commenced ·thereafter.   Said exemption was not repealed by chapter 628 of the Laws of 1924 amending chapter 136 of the Laws of 1920, as amended by chapter 434 of the Laws of 1921, and chapter 664 of the Laws of 1922, which repealed section 12 of chapter 136, as amended, which section provided that chapter 136 of the Laws of 1920, as amended, should not apply to a new building in course of construction at the time the statute took effect or the construction of which was commenced thereafter, since said chapter 136 and the amendatory acts do not specifically cover or refer to summary proceedings.

Summary proceeding brought to oust the tenant upon a claim that she is holding over after the expiration of her term without the consent of the landlord.

*Henry Fluegelman*, for the petitioner.

*Julius Tobias*, for the defendant.

Genung, J.:

The petition alleges, and the evidence shows, that construction of the building was commenced in May, 1922, and completed in

September, 1923. At the conclusion of the landlord's case the tenant moved to dismiss upon the grounds (1) that the tenant had obtained a renewal of her lease and (2) that the exemption given by chapter 664 of the Laws of 1922* had been repealed by chapter 628 of the Laws of 1924.*  Decision having been reserved, the tenant rested and renewed the motions.

From the evidence it is apparent that there was no renewal of the tenant's lease. The landlord offered to permit the tenant to remain on condition that she sign a new lease. The tenant never accepted the offer and she, therefore, is not now in a position to claim a renewal.

The second ground of the motion, however, raises the question as to whether or not the Legislature repealed the exemption granted to buildings erected after the passage of the so-called Emergency Rent Laws.

In April of 1920 the Legislature passed what are known as the April Housing Laws, among them chapter 135, which added section 1531-a to the Code of Civil Procedure; chapter 136 (subsequently amended by chapter 944 of the Laws of 1920, chapter 434 of the Laws of 1921, and chapter 664 of the Laws of 1922), which provided for the defense in an action for rent of the reasonableness of the rent, and chapter 139, which added subdivision 2-a to section 2231 of the Code. These laws having "failed substantially to relieve the existing conditions" (*People ex rel. Durham R. Corp.* v. *La Fetra,* 230 N. Y. 429, 438), the Legislature was convened in special session and enacted the "September Housing Laws," being chapters 942–953, inclusive. Chapter 942 of the Laws of 1920 amended the Code provisions with respect to summary proceedings by adding subdivision 1-a to section 2231, and provided in that subdivision that summary proceedings could not be maintained in cities similar to New York, except in four instances, none of which are at issue in this case. But that act provided " this subdivision shall not apply to a new building in course of construction at the time this subdivision takes effect (September 27, 1920) or commenced thereafter and be in effect only until " November 1, 1922. Chapter 944 of the Laws of 1920 amended chapter 136 of the Laws of 1920, and covers defenses and actions " for rent accruing under an agreement," and provides that it shall not apply to " a room or rooms in a hotel containing one hundred and twenty-five rooms or more " (§ 9), or " to a new building in the course of construction at the time this amendment takes effect or commenced thereafter " (§ 10),

---

* Amending Laws of 1920, chap. 136, as amd.— Rep.

and the act was to remain in effect until November 1, 1922. By chapter 434 of the Laws of 1921, section 10 subsequently became section 12 of this act. Chapter 945 of the Laws of 1920 added subdivision 2-a to section 2231 of the Code, and provided that the tenant might plead that the rent sought was unreasonable, but excepted "rooms in a hotel containing one hundred and twenty-five rooms or more," and also excepted new buildings, and that act also was to be effective only until November 1, 1922. Chapter 947 of the Laws of 1920 repealed section 1531-a of the Code of Civil Procedure, as added by chapter 135 of the Laws of 1920, and added a new section 1531-a to the Code, and provided that no summary proceedings shall be maintainable except in the four instances, none of which are applicable here. That also was to expire on November 1, 1922. Chapter 948 of the Laws of 1920 amended chapter 137 of the Laws of 1920, and also excepted from the operation of the laws a room or rooms in a hotel as well as new buildings, and expired November 1, 1922.

Chapter 199 of the Laws of 1921 (effective October first) transferred the provisions of the Code in respect to summary proceedings and ejectment (as amended) to the Civil Practice Act. Summary proceedings are covered now by section 1410 *et seq.* of the Civil Practice Act, and subdivision 1-a of section 1410 (as enacted in 1921) excepted from the operation of the Emergency Rent Laws buildings in course of erection on September 27, 1920, or commenced thereafter up to November 1, 1922. Subdivision 2-a of section 1410 contained a similar exception. Thereafter, by chapter 663 of the Laws of 1922 (in effect April 13, 1922), the Legislature extended the time of the operation of the various laws until February 15, 1924. Therefore, at the time of the commencement of the construction of the building in question, viz., May, 1922, it was excepted from the operation of these Emergency Rent Laws.

But the tenant contends that by chapter 628 of the Laws of 1924 (in effect May 5, 1924) the Legislature repealed the exemption in so far as it affects this property. The tenant is in error. Chapter 628 amended chapter 136 of the Laws of 1920, as amended by chapter 434 of the Laws of 1921 and chapter 664 of the Laws of 1922, and repealed the 12th section, which granted exemptions to new buildings commenced after September 27, 1920. Neither chapter 136 of the Laws of 1920, nor any of the amendatory acts thereof specifically covered or referred to summary proceedings. The proceeding in the case at bar was instituted under the provisions of section 1410 *et seq.* of the Civil Practice Act under which the exemptions have been extended to February 15, 1926, by chapter 6 of the Laws of 1924, which went into effect on

February 13, 1924.   Chapter 628 of the Laws of 1924 does not purport to amend or repeal any of the provisions of the Civil Practice Act, and it should not be held that the Legislature intended so to do by implication.

The court must take the statute as it finds it and construe the act according to the established rules.   (*Matter of New York & Brooklyn Bridge*, 72 N. Y. 527, 533.)   And one of the rules is that repeals by implication are not favored.   It is said: " Except when an act covers the entire subject matter of earlier legislation, is complete in itself and is evidently intended to supersede the prior legislation on the subject, it does not by implication repeal an earlier act on the same subject unless the two acts are so clearly inconsistent and repugnant that they cannot, by a fair and reasonable construction, be reconciled and effect given to both.   To repeal a statute by implication, there must be such a positive repugnancy between the provisions of the new and the old that they cannot be reconciled and made to stand together." (25 R. C. L. § 170, 920; *Petri* v. *Creelman Lumber Co.*, 199 U. S. 487; *Harford* v. *United States*, 8 Cranch, 109; *United States* v. *Great House*, 166 U. S. 601.)

In *Matter of Tiffany* (179 N. Y. 455) the court says (at p. 457): " The repeal of a statute by implication is not favored by law, for when the Legislature intends to repeal an act it usually says so expressly   *   *   *.   If by any fair construction, whether strict or liberal, a reasonable field of operation can be found for both acts, that construction should be adopted.   In other words, if the old and the new law, by any reasonable interpretation, can stand together, there is no repeal by implication."

In *Washington* v. *Miller* (235 U. S. 422, 428) the Supreme Court says: " *First*, such repeals [by implication] are not favored, and usually occur only where there is such an irreconcilable conflict between an earlier and a later statute that effect reasonably cannot be given to both   *   *   *."

In *Davis* v. *Supreme Lodge* (165 N. Y. 159) the court says (at p. 166): " All new laws are supposed to be enacted with knowledge on the part of the lawmakers of the existence and scope of the old laws, and, hence, it is reasonable to conclude that there was no intention in enacting the new law to repeal or change the old law, unless express words to that effect are used, or unless the new law, after every reasonable construction, is in terms so repugnant to the old that both cannot operate or be given any effect, or where the last enactment manifestly covers the whole subject, in which case the prior law must be deemed to be repealed or so modified by the subsequent enactment as to give room for

the operation of both and to assign an appropriate office to each, or unless the repugnancy between the two enactments is not only irreconcilable, but also clear and convincing, and follows necessarily from the language used.   There is no implication of a repeal of the prior law, unless the later act embraces the subject matter of the earlier, or unless the reason for the earlier act is beyond peradventure removed.   Therefore, every effort must be used to make all acts stand, and if by any reasonable construction they can be reconciled, the later act will not operate as a repeal of the earlier.   *   *   *   The leaning of the courts is so strong against repealing the positive provisions of a former statute by construction as almost to establish the doctrine of no repeal by implication."

In *Mark* v. *State* (97 N. Y. 572, 578) it was said: " Where it is intended to alter or repeal an existing statutory enactment the act itself should contain provisions to that effect, or it should be plainly manifest that such was the design, by the later act being repugnant to and inconsistent with the former.   A statute may sometimes be regarded as being repealed by reason of its inconsistency with a subsequent statute and by implication; but repeals by implication are not favored in the law, and it is only in cases where the repugnancy is clear and manifest, and the two statutes cannot be reconciled or stand together, that this rule can be applied. In the case considered, the two statutes can consistently stand together, and each have effect in reference to the subject to which it relates.   They both may be considered as one law, embracing separate provisions as to different classes of cases."

The presumption against repeal by implication is fortified in the instant case by the fact that at the same session of the Legislature there was passed chapter 6, amending not only chapter 136 of the Laws of 1920, as amended, but also the provisions of the Civil Practice Act as to summary proceedings and ejectment, and by chapter 629 of the Laws of 1924 the Legislature at the same session extended the provisions of not only chapter 136 of the Laws of 1920, but also of summary proceedings and ejectment to various villages in the State, clearly showing that the Legislature had in mind all of the Emergency Rent Laws, and that the repeal of section 12 of chapter 136 of the Laws of 1920, as amended by chapter 664 of the Laws of 1922, was not intended to repeal any of the provisions of the other laws.   The presumption is strong that the Legislature would not repeal an act which is fresh in their minds without making an express reference to it. (*Matter of Wheelock*, 51 Hun, 640.)   And so the general rule against repeals by implication applies with greater force where statutes

9

are passed at the same session of the Legislature. (*Powers* v. *Shepard*, 48 N. Y. 540, 545; *People ex rel. College* v. *Hylan*, 116 Misc. 334, 337; affd., 198 App. Div. 998.) It is apparent, therefore, that the Legislature intended to preserve the remedy of summary proceedings and ejectment given to owners of new buildings, but permitted tenants, if sued for rent, to set up a defense of the reasonableness of the rent sought. The new buildings having been erected, partly, at least, in reliance on the promise of the Legislature that the owners thereof would be in a preferred class, the Legislature has preserved to all such owners the possessory remedies of summary proceedings and ejectment.

It follows, therefore, that the building in question having been erected since the enactment of the Emergency Rent Laws, and this being a summary proceeding, the landlord is entitled to a final order, and it is so ordered.