CERI REALTY COMPANY, Respondent,    *v.*  ELIAS KYPRIANIDI,
Appellant.

Supreme Court, Appellate Term, First Department, June Term, 1925.

Landlord and tenant — action for rent — tenant occupied premises, com-
pleted after September 27, 1920, two months after expiration of lease —
tenant became tenant for renewed term and is liable for rent — Civil
Practice Act, § 1410, subds. 1-a and 2-a, applicable — effect of repeal of
Laws of 1920, chap. 136, § 12, as last amended by Laws of 1922, chap.
664 — tenant after removal cannot assert defense of unreasonable
rent.

A tenant occupying a building completed after September 27, 1920, by holding
over after the expiration of his term becomes a tenant for a renewed term by
operation of law and the landlord may either remove him or treat him as a tenant
for a new term.

Accordingly, in an action to recover rent for two months following defendant's
removal from plaintiff's premises, said plaintiff is warranted in treating the
defendant as a tenant for a renewed term where the tenant occupied the premises,
a house completed subsequent to September 27, 1920, for two months after the
expiration of the lease before removing therefrom.   Chapter 6 of the Laws of
1924 continues subdivisions 1-a and 2-a of section 1410 of the Civil Practice
Act which exempt buildings completed after September 27, 1920, from the
limitations on the right to recover possession and from the defense of unreasonable
rent.

The only effect of the repeal of section 12 of chapter 136 of the Laws of 1920,
as last amended by chapter 664 of the Laws of 1922, was to make actions on
agreements for rent of new buildings subject to the defense of unreasonable rent.

The defense of unreasonable rent may not be asserted by a tenant who has removed
from the premises.

APPEAL from Municipal Court, Borough of Manhattan, Seventh
District.

*Harry R. Berlinicke,* for the appellant.

*Gold & Maran* [*Louis J. Gold* of counsel], for the respondent.

Judgment affirmed.

Present — BIJUR, MULLEN and PROSKAUER, JJ.

The following is the opinion of CRANE, J., in the Municipal
Court of New York:

CRANE, J.  In this case the plaintiff sues to recover rent for the
months of December, 1924, and January, 1925, of residence property
in the borough of Manhattan.   The tenant was in possession of
an apartment in said premises under a lease for one year, terminating
September 30, 1924; the rental being sixty-six dollars per month.
The house is what is described in the Emergency Rent Laws as a

18

new building, the house having been completed subsequent to September 27, 1920. The tenant occupied the premises and paid the rent that he had theretofore paid for the months of October and November, 1924, when he removed from the premises. The tenant attempted to prove that he had permission to remain for a couple of months after the expiration of his lease; but the conversation was denied by the landlord, and I accept the landlord's version.

The question, therefore, presented by this case is whether or not a tenant in a building completed after September 27, 1920, by holding over after the expiration of his term, becomes a tenant for a further period by operation of law. This depends in part upon the effect to be given to section 3 of chapter 628 of the Laws of 1924, which repeals section 12 of chapter 136 of the Laws of 1920, as last amended by chapter 664 of the Laws of 1922. The section repealed provided, in substance, that the provisions of the act (Laws of 1920, chap. 136, as amd.) creating the defense of unreasonable rent to actions for rent under an agreement should not apply to buildings completed after September 27, 1920.

It seems to me that the utmost the repeal of this section did was to make actions on agreement for rent of new buildings subject to the defense of unreasonable rent. There is still continued (by Laws of 1924, chap. 6) unrepealed the exemption of new buildings from the requirements of the housing law provisions of section 1410 of the Civil Practice Act. By said section such buildings are exempt from the limitations on the right to recover possession (§ 1410, subd. 1-a) and from the defense of unreasonable rent in summary proceedings (§ 1410, subd. 2-a). It cannot, therefore, be said that the landlord of such a new building has lost his right to treat the tenant remaining in possession after the expiration of his lease as a trespasser, for he may remove him without regard to the Housing Laws by summary proceedings (§ 1410, subd. 1-a).

The doctrine of repeal by implication has no application. (*Twelve E. 86th St. Corporation* v. *Berslein*, 124 Misc. 125.) Because the landlord of premises subject to the Housing Laws was deprived of his option to treat the tenant holding over as a trespasser, it was held there could not be in such cases a renewal by operation of law when the tenant held over (*Stern* v. *Equitable Trust Co. of New York*, 238 N. Y. 267, 270); but, as the landlord of a new building may remove a tenant holding over, the reasoning of that decision does not apply to such a case as the case at bar. Consequently, when this tenant held over, the landlord had the option to treat him as a tenant for a renewed term.

The defense of unreasonable rent is not pleaded in this action; but, had it been pleaded, it would have been unavailing, since the defense may not be asserted by a tenant who has removed from the premises. (*Coler v. Reiss*, 203 N. Y. Supp. 771.)