NATHAN BLAUWEIS, Respondent, *v.* WILLIAM KIRSCHNER, Appellant.

Supreme Court, Appellate Term, Second Department, February 4, 1927.

Summary proceedings to dispossess — proceeding, pursuant to Civil Practice Act, § 1410, subd. 1-a, to recover possession of premises used for dwelling purposes on ground tenant was holdover and objectionable — tenant paid nineteen dollars per month for premises in borough of Brooklyn — landlord must show tenant is objectionable as well as holdover, notwithstanding provisions of Laws of 1926, chaps. 6 and 842 — Laws of 1926, chap. 842, does not violate U. S. Constitution, art. 2, § 10, or 14th Amendment — Laws of 1926, chap. 842, does not affect right to bring summary proceedings given by Civil Practice Act, § 1410 et seq.

In summary proceedings to recover premises used for dwelling purposes in the borough of Brooklyn and rented at nineteen dollars per month, under subdivision 1-a of section 1410 of the Civil Practice Act, it is necessary to show that,

in addition to the fact that the tenant is a holdover, he is objectionable, notwithstanding the provisions of chapters 6 and 842 of the Laws of 1926; consequently, the landlord's failure to prove that the tenant herein was objectionable, as well as a holdover, warrants a reversal of the final order in summary proceedings removing the tenant.

The Legislature, in the enactment of chapters 6 and 842 of the Laws of 1926, intended to give force and effect to the conditions respecting housing and indicated that the need of protecting families paying twenty dollars per room per month or more in New York city, was no longer necessary, but that the housing emergency still required legislative interference for at least two years more, with some measure of decontrol whereby adjustments would gradually be made with as little as possible disturbance of the economic and social structure of the State.

The provisions in chapter 842 of the Laws of 1926 as to a discretionary stay in summary proceedings do not violate the constitutional provisions as impairing the obligation of a contract, under· section 10 of article 1 of the United States Constitution, or as depriving the landlord of his property without due process of law, under the Fourteenth Amendment of the United States Constitution, for with the passing of the Emergency Rent Laws there will be re-established the provisions with regard to ejectment, giving to the landlord a right of action to recover his property, unhampered by any provision for a stay.

Chapter 842 of the Laws of 1926 in no way affects the right to bring summary proceedings given by section 1410 *et seq.* of the Civil Practice Act.

APPEAL by defendant from a final order of the Municipal Court of the City of New York, Borough of Brooklyn, Third District.

*Frank Reiss,* for the appellant.

*M. Milton Gewertz,* for the respondent.

LEWIS, J.   This is an appeal by the tenant from the final order and judgment in favor of the landlord. The proceeding was instituted to recover possession of premises used for dwelling purposes in the borough of Brooklyn, N. Y., on the ground that the tenant was a holdover and was objectionable. His rent was nineteen dollars per month for five rooms and bath. Upon the trial the court stated that the landlord was only required to prove that the tenant was holding over, and that the necessity for proving objectionability no longer existed in view of the provisions of chapter 842 of the Laws of 1926. By such decision the court in substance held that chapter 842 of the Laws of 1926 repealed chapter 6 of the Laws of 1926.

Prior to the Emergency Rent Laws, the Code of Civil Procedure, section 2231, provided for the removal of a tenant holding over. The Legislature, deeming a public emergency to exist, by chapter 942 of the Laws of 1920, among other things, provided that a tenant could not be removed unless in addition to holding over he was objectionable. By chapter 199 of the Laws of 1921, the requirement that the landlord prove the tenant to be objectionable was put in section 1410 of the Civil Practice Act, subdivision 1-a.

By chapter 6 of the Laws of 1926 the Legislature, recognizing the continuance of the public emergency, extended the Rent Laws to June 1, 1927, excluding, however, from their operation all tenancies, agreements and leases relating to premises occupied for dwelling purposes in the city of New York where the rental or charge was at the rate of twenty dollars or more per room per month, with similar application in Albany, Buffalo and Yonkers. This act became a law February 10, 1926. Chapter 842 of the Laws of 1926 became a law on May 17, 1926. It provided that it should be applicable " only to a summary proceeding to recover the possession of premises in the City of New York, the city of Buffalo, the city of Albany or the city of Yonkers occupied for dwelling purposes, other than a room or rooms in a hotel, lodging house, or rooming house, upon the ground that the occupant is holding over and continuing in possession of the premises after the expiration of his term, without permission of the landlord, and shall govern such a proceeding notwithstanding the provisions of any general or special act inconsistent herewith. * * * " In section 3 it is provided that " Where the final order in such a proceeding establishes that the occupant is holding over and continuing in possession of such premises, after the expiration of his term, without permission of the landlord, the court, judge or justice making such order, on application of the occupant, may, in its or his discretion stay the issuance of a warrant and also stay any execution to collect the costs of the proceeding, for such period, not more than six months, as the court, judge or justice, in its or his discretion, may deem proper."

Section 7 provided that the act " shall not apply to a proceeding where the petitioner shows to the satisfaction of the court that he desires in good faith to recover premises for the purpose of demolishing same with the intention of constructing a new building, plans for which new building shall have been duly filed and approved by the proper authority; or to a proceeding to recover possession upon the ground that an occupant is holding over and is objectionable, in which case the landlord shall establish to the satisfaction of the court that such occupant is objectionable; nor shall this act apply to a new building in the course of construction at the time this act takes effect or commenced thereafter."

Section 9 provided: " This act shall take effect immediately and shall be in force until the thirty-first day of May, nineteen hundred and twenty-eight."

Chapter 842 does not by express words repeal chapter 6. It is a principle well settled and familiar that a repeal by implication is not favored by law, and especially as between two statutes

passed at the same session of the Legislature. (*People ex rel. Interborough R. T. Co.* v. *Tax Comrs.*, 126 App. Div. 610; *Powers* v. *Shepard*, 48 N. Y. 540.) In the latter case the court stated: " It is hardly to be presumed that the legislature would have repealed an act passed but fourteen days before, and if they had intended to do so, they would probably have said so in some appropriate language, and would not have left it to mere inference."

A later act will not be deemed to repeal a former one unless the two are manifestly inconsistent and a clear intention to repeal is disclosed by the later statute (*Woods* v. *Supervisors*, 136 N. Y. 403) as where it covers the entire subject and was plainly intended to furnish the only law upon the subject and to be a substitute for the former enactment. (*People ex rel. Ross* v. *City of Brooklyn*, 69 N. Y. 605; *Heckmann* v. *Pinkney*, 81 id. 211; *Matter of Brooklyn, Queens County & Suburban R. R. Co.*, 185 id. 171.) If some office or function can by fair construction be assigned to both acts both must stand though they were designed to operate upon the same general subject (*Woods* v. *Supervisors, supra; County of Orange* v. *Ellsworth*, 98 App. Div. 275, 279), and the courts should, if possible, fairly give such construction as will make both effective. (*People ex rel. Baumann* v. *Lyon*, 77 Misc. 377.)

What, therefore, under these general principles can we say was the legislative intent in the enactment of these two statutes of 1926? That is the objective of all construction, and is to be sought in the situation and surrounding circumstances as presented to the Legislature and the conditions under which the act was adopted. (*Woollcott* v. *Shubert*, 217 N. Y. 212; *Bull* v. *N. Y. City R. Co.*, 192 id. 361; *Wiley* v. *Solvay Process Co.*, 215 id. 584.) Aid in ascertainment of what was intended may be had from a report on housing and regional planning presented to the Legislature, dated December 23, 1925. It appears therefrom that conditions indicated that the height of the emergency had been passed, that the need of protection for families paying twenty dollars per room per month, or more, in New York city, was no longer necessary, but that the housing emergency required legislative interference for at least two years more, with some measure of decontrol whereby adjustments would gradually be made and with as little as possible disturbance of the economic and social structure.

The report recommended that the Rent Laws be continued until June 1, 1927, but that the provisions of such laws should not apply to dwellings or apartments in which the rent on December 31, 1925, was twenty dollars or more per room per month in New York city and fifteen dollars or more per room per month in Buffalo and Albany. It also proposed a discretionary stay as permanent

legislation, that is, that the provisions therefor should continue beyond the time to which the Emergency Rent Laws were to be extended. The adoption of these recommendations by their enactment into the statutes of 1926 clearly indicates the intent of the law makers, and that the two chapters were intended to have force and effect in their appropriate applications. By this method of construction both acts remain effective and each has a reasonable field of operation. The first act extends for a short time the operation of the Emergency Rent Laws except as to tenancies of twenty dollars or more per room per month, and the second act provides for a discretionary stay in summary proceedings to recover possession of premises occupied for dwelling purposes except those expressly excluded by the act.

It may be urged that the length of the stay, which shall not exceed six months, is an unreasonable or' unjust provision. The particular mischief which the act was designed to remedy should be considered. As heretofore indicated, this provision is now operative as to all the tenancies except those excluded, and after the expiration of the Emergency Rent Laws as to all tenancies. It was doubtless the intention of the Legislature to obviate chaos, confusion and the possible increase of rent which might follow immediately upon decontrol.

It cannot be claimed that the provisions for a stay are violative of constitutional provisions as impairing the obligation of a contract (U. S. Const. art. 1, § 10), or as depriving the landlord of his property without due process of law. (U. S. Const. 14th Amendt.) With the passing of the Emergency Rent Laws there will be re-established the provisions with regard to ejectment, giving to the landowner an action to recover possession of his property unhampered by any provision for a stay. If, instead, he resorts to the remedy of summary proceedings, he must take it in the form and with the limitations prescribed by statute. That the Legislature has the right to repeal, suspend or alter in whole or in part the remedy of summary proceedings is no longer open to question. In *People ex rel. Durham Realty Corp.* v. *LaFetra* (230 N. Y. 429) the court said: " A general act abolishing such remedy would not impair the obligation of the contract. (*Conkey* v. *Hart,* 14 N. Y. 22.)"

Chapter 842 in no way affects the right to bring a summary proceeding given by section 1410 *et seq.* of the Civil Practice Act. Therefore, as to tenancies of less than twenty dollars a month in New York city no such proceeding can be maintained on the ground that the occupant is holding over unless it comes within the provisions of those sections. As to such tenancies a mere

holding over gives no right to dispossess. As the petition here alleges in addition to a holding over that the tenant is objectionable the proceeding is remitted for a new trial.

Final order unanimously reversed upon the law and a new trial granted, with ten dollars costs to appellant to abide the event.

CROPSEY and MACCRATE, JJ., concur.