John M. Gould and Others, Plaintiffs, *v.* John J. Bennett, Jr., and Another, Defendants.

Supreme Court, New York County, December 18, 1934.

*J. Alfred Anderson*, for the plaintiffs.

*John J. Bennett, Jr., Attorney-General [Joseph A. McLoughlin* and *Leon Friedman* of counsel], for the defendant.

COTILLO, J. This action has been brought by certain members of the Dock and Pier Carpenters' Union of Greater New York and vicinity. Prior to July 3, 1933, they had been employed by the respondent Spooner & Son, Inc., on certain public work under a contract between the city of New York and Spooner & Son, Inc. One term of this contract provides that in the work so far as possible " registered voters of the City of New York shall be employed."

Chapters 556 and 557 of the Laws of 1933 were signed by the Governor on the same day, and were declared effective as of April 28, 1933. Both chapters amended section 222 of the Labor Law concerning preferences in employment of persons on public works. Chapter 556 provides for a preference in favor of citizens of this State " who have been residents for at least six consecutive months immediately prior to the commencement of their employment." Chapter 557 does not contain this clause.

This action is brought to enjoin the defendants from interfering with the employment of plaintiff employees. The claim is made that the discriminations created by the statute are violative of the State and National Constitutions and that the statutes are, therefore, unconstitutional and void.

Plaintiffs represent New Jersey residents and New York residents who have been citizens, in some cases for more and in some cases for less than six months, but who are not registered voters of the city of New York. Defendants' acts have also affected men who are residents of this city and citizens of this State who are under twenty-one years and who cannot be registered voters. Plaintiffs were not discharged for any inefficiency.

The plaintiffs contend not only that chapter 556 is discriminatory and unconstitutional, but that the Legislature by passing chapter 557 repealed chapter 556 and that it cannot be enforced as existing law. With regard to plaintiffs' contention that chapter 556 was repealed by chapter 557, it is the general rule that a statute may not be repealed by implication. As was said by Chief Judge

CARDOZO in *Peterson* v. *Martino* (210 N. Y. 412, at p. 418): " It is the law, declared on many occasions by this court, that a repeal by implication is not favored, and that it will be upheld only where the repugnancy is plain and unavoidable (*Grimmer* v. *Tenement House Dept.*, 204 N. Y. 370; *Davis* v. *Supreme Lodge*, 165 N. Y. 159; *People ex rel. Fleming* v. *Dalton*, 158 N. Y. 175)." A reading of the two sections involved in this motion indicates that they are not at all repugnant or irreconcilable. Chapter 556 merely contains an additional requirement as to persons employed under public contracts.

Whether or not a former statute is repealed by a later one is a matter of the intention of the Legislature, and in this case it is very clear that no repeal of chapter 556 was intended by chapter 557 since the foreword of *each* of these chapters reads as follows:

" Section 1. Section two hundred twenty-two of chapter fifty of the laws of nineteen hundred twenty-one, entitled 'An act in relation to labor, constituting chapter thirty-one of the consolidated laws,' as amended by chapter six hundred eighty-nine of the laws of nineteen hundred thirty, is hereby amended to read as follows: "

It is obvious that the Legislature in both cases intended to amend section 222, which had been last amended by chapter 689 of the Laws of 1930, and there was clearly no intention to repeal chapter 556 indicated by the passage of chapter 557. The absence of an express provision of the repeal of chapter 556 gives rise to the presumption that none was intended. (*Chatham Phenix Nat. Bank* v. *Crosney*, 251 N. Y. 189, revg. 224 App. Div. 58; *People ex rel. College of City of New York* v. *Hylan*, 116 Misc. 334; affd., 198 App. Div. 998.)

It is well-settled law that it is the duty of the court to give expression to every legislative act and it is only where conflicting statutes cannot possibly be harmonized that repeal by implication is decreed. This duty is especially strong where the two statutes under consideration were passed at the same session of the Legislature. (*Blauweis* v. *Kirshner*, 128 Misc. 630.)

As to the question of the constitutionality of the statutes because they are discriminatory, the Supreme Court of the United States has many times declared that the Fourteenth Amendment does not prevent a State from making classifications which are reasonable and which are not mere arbitrary distinctions between persons or classes. (*International Harvester Co.* v. *Missouri*, 234 U. S. 199; *Atkin* v. *Kansas*, 191 id. 207.)

The whole question of discrimination on public works contracts was considered by the Court of Appeals of this State in *People* v. *Crane* (214 N. Y. 154). Judge CARDOZO wrote that in public works

it is the people who are contracting for the public welfare. "To disqualify citizens from employment on the public works is not only discrimination, but arbitrary discrimination." He also said that "Preferences to avert a threatened pauperism, or to render pauperism impossible, stand on the same footing. In each instance the state announces as its public policy that the common property shall be used for the benefit of its common owners."

On this view of the case, I feel constrained to hold (1) that the provisions of chapters 556 and 557 being each possible of enforcement, chapter 556 is not to be deemed repealed or limited by chapter 557; (2) that the discriminations are not arbitrary but are permissible if on no other ground at least in view of the present need for the State to avoid the pauperization of its citizens so far as may be; and (3) that the requirement as to a voting status is merely a convenient administrative provision to assure that evasion of the law will not be made easy by the establishment of colorable residences in this State. If there is a passing injury to minors who are citizens, it is unfortunate but immaterial. As Judge CARDOZO also said, "The public welfare may at times be bound up with the welfare of a class; but public welfare, in a large sense, must, none the less, be the end in view." (*People* v. *Crane, supra*, at p. 161.)

I find nothing contrary to this principle in these statutes. The complaint accordingly should be dismissed. Submit order.